UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| RONNY DARNELL DORSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:13-cv-239 |
| ) | *Collier / Lee* |
| SHEILA ALBRITTON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **REPORT AND RECOMMENDATION**

Before the Court is an Application to Proceed *In Forma Pauperis* ("Application") [Doc. 1] filed by Ronny Darnell Dorsey ("Mr. Dorsey").[1] "[T]o ensure that indigent litigants have meaningful access to the courts," an indigent plaintiff may file a complaint without prepayment of the Court's $350 filing fee. 28 U.S.C. §§ 1914, 1915; *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). In order to qualify for pauper's status, a plaintiff must show, by affidavit, that her financial situation will not permit her to pay the costs of litigation and still afford the necessities of life for herself and her dependents. 28 U.S.C. § 1915(a); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Based upon a review of Mr. Dorsey's application and supporting documentation, I **FIND** that Mr. Dorsey has sufficient funds to pay the Court's filing fee. Specifically, Mr. Dorsey's net monthly income is approximately $1,476.00 to $1,500.00, and although he represents his itemized monthly expenses total $1,135.00, adding up the expenses listed equals only $784.00. Although Mr. Dorsey represents he has debt in the form of student loans and medical bills, his monthly income appears to significantly exceed his reasonable

---

[1] This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court.

monthly expenses, even including the claimed monthly expense for cigarettes of $140.00 and the claimed monthly expense for a traffic citation of $200.00 (though the balance owing is also listed at $200.00, indicating the traffic citation is not a monthly expense). Accordingly, I **RECOMMEND**[2] that Mr. Dorsey be denied pauper's status and that he be assessed the $350 filing fee. I further **RECOMMEND**, however, that Mr. Dorsey be permitted to pay the $350 filing fee in seven monthly installments of $50, and that his complaint be filed upon receipt of the first such installment, with Mr. Dorsey providing for service of the complaint at his own expense.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).